UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LORENZO QUINTIN SCOTT,<br>　　　　Plaintiff,<br><br>　　v.<br><br>NORFOLK COUNTY<br>DISTRICT ATTORNEY'S OFFICE,<br>　　　　Defendant. | )<br>)<br>)<br>)  C.A. No. 03-12636-PBS<br>)<br>)<br>)<br>)<br>) |
| LORENZO QUINTIN SCOTT,<br>　　　　Plaintiff,<br><br>　　v.<br><br>NORFOLK COUNTY<br>DISTRICT ATTORNEY'S OFFICE<br>and ROBERT COSGROVE,<br>　　　　Defendants. | )<br>)<br>)<br>)  C.A. No. 04-10254-PBS<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER OF DISMISSAL

For the reasons stated below, plaintiff's claims will be dismissed as lacking any arguable basis in law.

## FACTS

In December 2003, plaintiff Lorenzo Quintin Scott, an inmate at the Norfolk County Sheriff's Office and Correctional Center, filed two applications to proceed without prepayment of fees and two notices of removal. Scott seeks to remove two actions filed by him in Norfolk Superior Court. <u>Scott v. Norfolk County District Attorney's Office</u>, C.A. No. 03-12636-PBS (referring to Norfolk Superior Court cases, C.A. Nos 02-02179 and 03-00727); <u>see</u> Complaint, Exhibits (docket sheets from Norfolk Superior

Court).[1]

In February 2004, the Court received two more applications to proceed without prepayment of fees and a letter from Mr. Scott inquiring about the status of the notices of removal he filed in December. These documents did not contain any case number from this Court. Rather than filing the documents in the existing action, C.A. No. 03-12636-PBS, the Clerk erroneously opened a new action. <u>Scott v. Norfolk County District Attorney's Office, et al.</u>, C.A. No. 04-10254-PBS.

## ANALYSIS

I.  The Court May Screen this Action
    Pursuant to Sections 1915 and 1915A

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"). Pub.L. No. 104-134, 110 Stat. 1321 (1996). Among the changes effected by the PLRA is the requirement that a district court dismiss a complaint filed by a prisoner <u>in forma pauperis</u>

---

[1] The notices of removal are far from clear, but it appears that the Norfolk Superior Court actions filed by plaintiff stem from his criminal conviction in that court for breaking and entering. Complaint, Exhibits. During discovery before his criminal trial, Scott apparently sought a statistical analysis from the District Attorney's Office as to the race of defendants indicted under a habitual criminal statute under a theory that this statute has been selectively applied to African-Americans. <u>Id.</u> One of the Norfolk Superior Court actions that Scott seeks to remove, C.A. No. 02-02179, was apparently opened pursuant to an order of the Massachusetts Supreme Judicial Court, see <u>Scott v. District Attorney for Norfolk District</u>, 438 Mass. 1002, 777 N.E.2d 1261 (2002), because that court construed the underlying petition as a civil action for review under Mass. Gen. Laws ch. 66, § 10(b).

"at any time," if the court determines that it lacks an arguable basis in law or fact, seeks relief against a defendant who is immune from liability or fails to state a claim. 28 U.S.C. § 1915(e)(2)(b).

In addition, all prisoner actions directed against a governmental entity or officer must be screened at the earliest practicable time, regardless of whether or not a prisoner litigant has paid the filing fee, to determine if the action lacks an arguable basis either in law or in fact, seeks relief from a defendant who is immune from liability, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.[2]

II.  Plaintiff's Claims Lack
     An Arguable Basis in Law

Claims lack an arguable or rational basis in law or fact when they are brought against a defendant who is clearly entitled to immunity or involve the infringement of a legal interest which clearly does not exist. See Neitzke v. Williams, 490 U.S. 319, 327-328 (1989) (interpreting the former § 1915(d)); accord Denton v. Hernandez, 504 U.S. 25, 32 (1992) ("clearly baseless" actions may be dismissed); Mack v. Massachusetts, 204 F. Supp.2d 163, 166 (D. Mass. 2002) (dismissing for lack of subject matter

---

[2]The Court will address the applications to proceed without prepayment of fees in a separate order. Because prisoners are obligated to pay the entire filing fee for civil actions under Section 1915 and because C.A. No. 04-10254-PBS was opened erroneously, the Court will assess a partial initial filing fee for only one action, rather than two. 28 U.S.C. § 1915.

3

jurisdiction). Plaintiff's claims lack an arguable basis in law because Scott is the plaintiff, not the defendant, in the underlying state court actions and thus may not remove them to this Court.

    A.   <u>Petitioner Is Not A "Defendant" in the State Action</u>

Section 1441 of title 28 provides that defendants in

> any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the <u>defendant or the defendants</u>, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added). Under 28 U.S.C. § 1447(c), this Court may examine a notice of removal to determine if removal is proper. If it appears that this Court lacks subject-matter jurisdiction, the Court must issue an order for summary remand. 28 U.S.C. § 1447(c); <u>Adorno Enters., Inc. v. Federated Dep't. Stores, Inc.</u>, 629 F. Supp. 1565, 1567 (D. R.I. 1986) (§ 1447(c), which authorizes court to dismiss for lack of subject-matter jurisdiction, requires district court to act <u>sua sponte</u> where appropriate).

Removal of state court actions is authorized only for defendants and only on the basis of claims brought against them; plaintiffs can not remove. <u>Ballard's Service Center, Inc. v. Transue</u>, 865 F.2d 447, 449 (1st Cir. 1989). A plaintiff cannot remove a state court action even when he or she could have

commenced the action originally in a federal court. 14A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3721 (Supp. 2002).

Here, removal of the Norfolk Superior Court proceedings is not proper because petitioner is the plaintiff in those proceedings. 28 U.S.C. § 1441 (stating that only "defendants" may remove); Cok v. Forte, 877 F. Supp. 797, 802 (D. R.I.), aff'd, 69 F.3d 531 (1st Cir. 1995) (stating that where party was the plaintiff in state court proceeding, she could not remove action because only defendants may remove). Thus, this action must be remanded. See Cok, 877 F. Supp. at 802; cf. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941) (removal statute is strictly construed); Mill-Bern Assocs., Inc. v. Dallas Semiconductor Corp., 69 F. Supp. 2d 240, 242 (D. Mass. 1999) (remanding) (citations omitted).

## CONCLUSION

ACCORDINGLY,

(1) C.A. No. 04-10254-PBS shall be closed as duplicative of C.A. No. 03-12636-PBS.

(2) Plaintiff's claims in C.A. No. 03-12636-PBS are dismissed under Section 1915 and 1915A as lacking any arguable legal merit.

(3) Norfolk Superior Court actions C.A. Nos. 02-02179 and 03-00727 are hereby REMANDED to Norfolk County Superior Court,

650 High Street, Dedham, Massachusetts 02026.

(4) The Clerk is directed to send a certified copy of the record in C.A. Nos. 04-10254-PBS and 03-12636-PBS to Norfolk County Superior Court and to enter on a separate document a final judgment as follows: "This case is remanded to the state court from which it was removed."

SO ORDERED.

Dated at Boston, Massachusetts, this 23 day of February, 2004.

/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE